### HENDY *v.* GOLDEN STATE & MINERS' IRON WORKS.[1]

*(Circuit Court, D. California.* January 29, 1883.)

1. REISSUED PATENT.
   The specifications for the reissue of a patent may be amended by the model deposited in the patent-office, as well as by the drawings.
2. SPECIFICATIONS AMENDED BY MODEL.
   Where the original specifications and drawings do not show whether or not the machine patented embraced a feature claimed in the reissued patent, the court cannot say, from a comparison of the original and reissued patents alone, whether the reissue embraces a feature not indicated in the machine as first patented, without an inspection of the original model deposited in the patent-office.

In Equity.

*Boone & Miller*, for complainant.

*M. A. Wheaton*, for defendant.

SAWYER, J., (*orally*.)    This is a demurrer to a bill in equity for the infringement of a patent for an ore-crushing machine. The original patent and the reissue are both set out; and the point is that the reissue is broader than the original patent, and takes in an element not indicated in the original specifications and drawings. This new feature of the patent is the extension of the rear board of the hopper downwards, so as to operate as a scraper on a vibrating tray, for the purpose of forcing the ore to pass off. There is nothing stated in the specifications of the original patent in regard to this construction of the hopper-board at the rear; and it does not appear whether it was so formed, by the drawings in the original patent. Nor does it appear that it was not there. It may have been, and probably was, in the original machine and model. In the drawings of the reissue there is a part of the side cut away on the hopper, to show the extension of this rear board downwards to the vibrating tray. In the first drawings the side is not cut away, and it does not show whether the rear board goes down to the tray or not. In all other respects the drawings are the same in the two patents. The law authorizes the change of the specification—authorizes the specifications, for the purpose of

---

[1] From 8th Sawyer.

the reissue, to be amended *by the model* in a machine patent *as well as by the drawings;* and the supreme court, in *Seymour* v. *Osborne,* 11 Wall. 516, recognizes the right to amend the specifications by the model in such patents, as well as by the drawings. I think, therefore, from the comparison of the original patent with the reissue, without the model, that I cannot assume that the specifications have been enlarged, so as to embrace matters not indicated in the original model. The original patent does not show that this rear hopper-board did *not* extend down so as to act as a scraper; and the model filed, as required by the patent law, may, and probably does, show that it is so extended. As the specifications may have been amended by the model from a mere comparison of the original patent with the reissue, it cannot be seen that the amendments in the specifications have not been properly made from the model, or that the invention is not therein clearly indicated; consequently I cannot say, without seeing the model deposited, that the reissue embraces more than the original invention. It does not appear, affirmatively, that it does, and the presumption is that the commissioner did not exceed his jurisdiction in granting the reissue.

The demurrer is overruled.